UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SANTOSH K.,[1] | No.  1:26-cv-00667-JLT-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT PETITION** |
| v. | **[7-DAY DEADLINE]** |
| MINGA WOFFORD, et al., |  |
| Respondents. |  |

Petitioner Santosh K. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.)

Pending before the Court is Petitioner's petition filed on January 26, 2026. (Doc. 1.) On January 27, 2026, the District Court issued an order denying the motion for temporary restraining order, (Doc. 3), setting a briefing schedule, and referring the matter to the undersigned for preparation of findings and recommendations on the merits of the petition. (Doc. 5.)

On January 27, 2026, Respondents filed a combined response to the motion for temporary restraining order, preliminary injunction and petition. (Doc. 7.) On January 28, 2026, Petitioner

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

filed a traverse and reply to the response. (Doc. 8.)

**BACKGROUND**

Petitioner is a citizen of Nepal who entered the United States without inspection on or about September 16, 2024. (Doc. 1 at 1.) He was encountered by Customs and Border Patrol and released on his own recognizance on October 4, 2024. (Doc. 1 at 1.)

On September 5, 2025, he was re-detained. (Doc. 1 at 1.) Petitioner alleges he was detained despite no material change in circumstances. (Doc. 1 at 1.) Petitioner requested custody redetermination on December 5, 2025, and on January 6, 2026. (Doc. 1 at 1-2.) On both occasions, the Immigration Judge found it lacked jurisdiction as the judge determined Petitioner was detained under § 1225(b).

**DISCUSSION**

In the Court's order of January 27, 2026, Respondents were directed to address whether this case is distinguishable from the numerous prior cases in which this Court has granted habeas relief. (Doc. 5.)  In their response, Respondents state they are not aware of substantially distinguishable factors in this case from the numerous cases in which the Court has granted relief. (Doc. 7 at 1.) Respondent raises the same arguments previously adjudicated in the prior cases, specifically, that Petitioner is considered an "applicant for admission" under 8 U.S.C. § 1225(a)(1), and thus his detention without bond is mandatory under § 1225. In reply, Petitioner urges the Court to follow its previous rulings on this issue.

As acknowledged by the parties, the Court has previously addressed the legal issues raised by the petition. See, e.g., J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).  Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions.  Therefore, in line with its previous rulings, the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

2

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within seven (7) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 11, 2026**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE